**Tuosheng TANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 03–40739–AG NAC.

United States Court of Appeals,
Second Circuit.

Nov. 16, 2005.

Vlad A. Kuzmin, New York City, NY., for Appellant.

Richard B. Roper, United States Attorney, Katherine Savers McGovern, Assistant United States Attorney, Northern District of Texas, Dallas, TX., for Appellee.

Present: MINER, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED, and the motion for a stay of removal is hereby DENIED as moot.

Tuosheng Tang, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Although judicial review is ordinarily confined to the decision of the BIA, the Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d, 279, 287 (2d Cir.2000)). This Court also uses the substantial evidence standard to review credibility determinations, and its review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). With respect to credibility, "[w]here an applicant's testimony is generally consistent, rational, and believable, disparities ... need not be fatal to credibility, especially if the errors are relatively minor and isolated." *Diallo,* 232 F.3d at 288. However, an inability to provide consistent testimony regarding important dates is not considered a minor or isolated error. *See Lin v. U.S. Dept. of Justice,* 413 F.3d 188, 190 (2d Cir.2005).

Regardless of this Court's jurisdiction to review the IJ's findings with respect to the one-year bar on asylum claims, the IJ's alternative finding that Tang was not credible, and was therefore unable to establish eligibility for asylum or withholding is substantially supported by the record as a

whole. The evidence in the record supports the IJ's findings that the following discrepancies and contradictions caused the IJ to find Tang not to be credible: (1) Tang testified that his mother paid the fine for his arrest because his wife was too ill, but the receipt indicates that his wife paid it; (2) Tang stated on his asylum application that he arrived in Los Angeles, but he testified that he arrived in San Francisco, and was unable to provide plausible specific details of his trip; and (3) Tang claimed that he was wanted by the family planning officials in his village, but admitted that he lived in his village for over a month before departing for the United States without encountering the authorities.

For the foregoing reasons, the petition for review is hereby DENIED, and the motion for a stay of removal is hereby DENIED as moot.